## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **FRAN FINCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **9:15-CV-81323-KAM** |
| **MORGAN STANLEY SMITH** | ) | |
| **BARNEY, LLC, and MORGAN** | ) | |
| **STANLEY SMITH BARNEY FA** | ) | |
| **NOTES HOLDINGS LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

Defendants Morgan Stanley Smith Barney, LLC  ("Morgan Stanley") and Morgan Stanley Smith Barney FA Notes Holdings LLC (collectively, "Defendants") respectfully move this Court to grant this Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     INTRODUCTION

In her Amended Complaint, Plaintiff Fran Finch ("Plaintiff") asserts fourteen causes of action against Defendants related to her employment at Morgan Stanley.  As to many of those causes of action, however, Plaintiff fails to state a claim upon which relief can be granted, and dismissal is warranted under Rule 12(b)(6).

Plaintiff's claims for interference and retaliation under the Family and

Medical Leave Act ("FMLA") are due to be dismissed because Plaintiff fails to allege that she requested or took FMLA leave or that Defendants interfered in any way with a request for FMLA leave.  On the contrary, Plaintiff alleges that Morgan Stanley offered her FMLA leave, and she declined it.

Plaintiff's claims for retaliation under Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA") must be dismissed, because Plaintiff fails to allege that she engaged in any protected activity under the statutes.

Likewise, Plaintiff fails to state a claim for retaliation under Florida Statute §448.102, because neither her actions nor the actions of Defendants, as alleged, fall within the scope of that statute.  This claim also fails because the sequence of events as alleged by Plaintiff defeats the notion of a causal connection.

Plaintiff also fails to state actionable claims for promissory estoppel and unjust enrichment, as her allegation of an express contract governing the same topic precludes these quasi-contract claims.

For these reasons and those set forth below, Defendants respectfully request this Court dismiss Plaintiff's claims of interference and retaliation under the FMLA, her retaliation claims under Title VII, the ADA, the ADEA, and Florida Statute § 448.102, and her claims for promissory estoppel and unjust enrichment.

## II.   <u>STANDARD</u>

Rule 12(b)(6) authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In reviewing a Rule 12(b)(6) motion, courts must first determine the sufficiency of the allegations and, if sufficient to support a presumption of truth, then determine whether the allegations plausibly give rise to an entitlement to relief.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51 (2009).

A complaint must be dismissed if the facts "do not state a claim for relief that is plausible on its face." *Sinaltrainals v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1950, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007)).  Factual allegations to a complaint "must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## III.   <u>LEGAL ANALYSIS</u>

**A.   Plaintiff Cannot State Any Actionable Claim Under the FMLA, as She Admits She Chose Not to Take FMLA-Protected Leave.**

1.   <u>Plaintiff Cannot State a Claim of Interference under the FMLA.</u>

Under the FMLA, employees may take up to twelve weeks of time off for medical reasons, and it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" this right to take approved leave.

29 U.S.C. §§ 2612(a) and 2615(a)(1).  To establish a claim for interference under the FMLA, "an employee must demonstrate that [s]he was denied a benefit to which [s]he was entitled under the FMLA." *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1266-67 (11th Cir. 2008) (citations omitted).  Additionally, "[a]n employee must give notice of her intent to take FMLA-qualifying leave." *Whitfield v. Hart Cnty.*, 2015 U.S. Dist. LEXIS 44386, at *13 (M.D. Ga. Apr. 3, 2015).

Plaintiff's FMLA interference claim fails because she does not allege that she sought to take FMLA leave or that Morgan Stanley denied or interfered with any such request.  In fact, Plaintiff admits that Morgan Stanley *encouraged* her to take advantage of her rights under the FMLA.  Doc. 6 at ¶32 (Morgan Stanley "suggested she take family medical leave"); *id.* at ¶38 (Morgan Stanley recommended that she take "six months of FMLA leave." ).

Indeed, by Plaintiff's own admission, despite her decision <u>not</u> to take FMLA-qualifying leave, Morgan Stanley allowed her to remain on leave for over *sixteen months* (from July 2013 through her resignation in October 2014) – well in excess of the twelve weeks of leave provided under the FMLA.  Doc. 6 at ¶¶ 41, 83.  As Plaintiff fails to allege that she sought protected leave under the FMLA or that Morgan Stanley interfered with any such request, she has clearly failed to allege facts sufficient to support a claim for interference or denial under the

FMLA.  *See, e.g.*, *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1244-45 (9th Cir. 2014) (affirming dismissal of FMLA interference claim where plaintiff "elected not to take FMLA leave," and noting that "an employee can affirmatively decline to use FMLA leave, even if the underlying reason for seeking the leave would have invoked FMLA protection."); *Sparks v. Sunshine Mills, Inc.*, 580 F. App'x 759, 766 (11th Cir. 2014) ("Because Sunshine was unaware Sparks needed or desired FMLA leave, Sparks has failed to establish Sunshine interfered with his rights under the [FMLA]."); *Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1186 (9th Cir. 2002) (affirming summary judgment dismissing FMLA interference claim where plaintiff never requested FMLA leave, stating that because plaintiff "never sought to invoke her FMLA rights, she may not now argue that Southwest interfered with the exercise of her rights by suggesting the FMLA might apply...") (emphasis added); *Seguin v. Marion County Health Dep't*, 2014 U.S. Dist. LEXIS 112110, *34 (M.D. Fla. Aug. 13, 2014) ("In order to constitute a claim of interference, Ms. Seguin must show that she sought leave for an FMLA-qualifying event.") (emphasis added).[1]

2.   Plaintiff Cannot State an FMLA Retaliation Claim.

"In order to state a claim for retaliation under the FMLA, an employee must

---

[1] *See also Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 769 n.3 (7th Cir. 2008) ("If an employee does not wish to take FMLA leave but continues to be absent from work, then the employee must have a reason for the absence that is acceptable under the employer's policies, otherwise termination is justified.").

allege and prove that: (1) she engaged in a statutorily protected activity, (2) she suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." *Morehardt v. Spirit Airlines, Inc.*, 174 F. Supp. 2d 1272, 1279 (M.D. Fla. 2001).

As stated above, Plaintiff fails to allege that she ever requested or sought FMLA leave from Morgan Stanley. Plaintiff admits that Morgan Stanley repeatedly reminded her of her rights under the FMLA and inquired as to whether she would like to take protected leave under the statute. Doc. 6 at ¶¶ 32, 38. Plaintiff, by her own admission, was offended by the suggestion and declined it. *Id.* at ¶¶ 38, 39. As Plaintiff fails to allege that she engaged in protected activity under the FMLA, her claim for retaliation under the statute must be dismissed. *See Sparks*, 580 F. App'x at 766 (dismissing FMLA retaliation claim and stating, "[b]ecause Sunshine was unaware Sparks needed or desired FMLA leave… Sparks has failed to establish Sunshine retaliated against him for engaging in a protected activity under the statute."); *Martinez v. Mercedes Home Realty*, 2005 U.S. Dist. LEXIS 24139, at *23 (M.D. Fla. Oct. 17, 2005) (plaintiff failed to state an FMLA retaliation claim where she never "asked for, or stated an intention to take" FMLA leave, and stating that "[w]ithout requesting leave, Martinez cannot have engaged in statutorily protected conduct or attempted to avail herself of her rights under the FMLA."); *Knox v. City of Monroe*, 2009 U.S. Dist. LEXIS 1014, at *22 (W.D. La.

Jan. 8, 2009) (dismissing FMLA retaliation claim because plaintiff "did not engage in protected activity and was not protected by FMLA," where plaintiff "declined the City's offer of leave" and "did not request, attempt to request, or give notice of her intent to apply for FMLA leave.").

Accordingly, Defendants request that this Court dismiss Plaintiff's claims for interference/denial and retaliation under the FMLA.

**B.    Plaintiff's Federal Retaliation Claims Are Due to Be Dismissed, as Plaintiff Fails to Allege that She Engaged in Protected Activity.**

To establish a *prima face* case of retaliation under Title VII, the ADA, or the ADEA, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. *See Adams v. City of Montgomery*, 569 F. App'x 769, 772 (11th Cir. 2014); *Cribbs v. NFI Network Logistic Solutions, LLC*, 2014 U.S. Dist. LEXIS 136447, at *21 (S.D. Ga. Sept. 26, 2014). "[I]n order to constitute protected opposition activity, a plaintiff must, at the very least, communicate her belief that illegal discrimination is occurring." *Marcelin v. Eckerd Corp. of Fla., Inc.*, 2006 U.S. Dist. LEXIS 18097, at *26-27 (M.D. Fla. Apr. 10, 2006) (citation omitted). "It is not enough for the employee merely to complain about a certain policy or certain behavior of co-workers and rely on the employer to infer that discrimination has occurred." *Webb v. R&B Holding Co.*, 992 F. Supp. 1382, 1389 (S.D. Fla. 1998).

Here, Plaintiff fails to allege that during her employment, she complained of discrimination due to her age, gender, or any disability, or that she engaged in any other activity protected under the statutes.  Without an allegation that she engaged in protected activity, Plaintiff cannot state a *prima facie* case for retaliation under any of the federal discrimination statutes she invokes, and these claims fail as a matter of law.  *See, e.g.*, *Coutu v. Martin Cty. Bd. of Cty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) (plaintiff could not establish *prima facie* retaliation case where plaintiff "made no allegation… of race or national origin discrimination; she contended only that she worked hard and deserved a better rating…"); *Cribbs*, 2014 U.S. Dist. LEXIS 136447, at *22 (dismissing ADA and ADEA retaliation claims and finding that plaintiff did not engage in a statutorily protected activity, as he failed to inform his employer "that he felt he was being discriminated against because of his <u>age</u> or <u>disability</u>.") (emphasis in original); *Marcelin*, 2006 U.S. Dist. LEXIS 18097, at *28 (plaintiff did not engage in statutorily protected activity where he "did not complain expressly about racial or national origin discrimination.").

Accordingly, Plaintiff's claims for retaliation under Title VII, the ADA, and the ADEA are due to be dismissed as a matter of law.

**C.    Plaintiff Fails to State a Claim for Retaliation in Violation of Florida Statute §448.102.**

In her Fifth Cause of Action, Plaintiff alleges that Morgan Stanley retaliated

against her in violation of Florida Statute §448.102, which provides that an

employer may not take a retaliatory employment action because an employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate
> governmental agency, under oath, in writing, an activity, policy, or
> practice of the employer that is in violation of a law, rule, or
> regulation….
>
> (2) Provided information to, or testified before, any appropriate
> governmental agency, person, or entity conducting an investigation,
> hearing, or inquiry into an alleged violation of a law, rule, or
> regulation by the employer.

Fla. Stat. §448.102.  To state a *prima facie* case under the statute, a plaintiff must

show that "(1) there was a statutorily protected participation, (2) that an adverse

employment action occurred, and (3) that there was a causal link between the

participation and the adverse employment action."  *Bell v. Ga.-Pac. Corp.*, 390 F.

Supp. 2d 1182, 1187-88 (M.D. Fla. 2005).

In support of this claim, Plaintiff alleges that on February 2, 2015, she

agreed to provide deposition testimony in an arbitration before the Financial

Industry Regulatory Authority ("FINRA") involving Morgan Stanley.  Doc. 6 at ¶

93.  Plaintiff further alleges that on February 5, 2015, Defendants retaliated against

her for agreeing to testify by demanding that she repay money she owed under a

promissory note executed when her employment began.  *Id.* at ¶¶ 94-95.

### 1.    Plaintiff Does Not Allege "Statutorily Protected Participation."

Plaintiff fails to allege facts demonstrating that she engaged in protected

activity under §448.102, as the FINRA rules do not qualify as laws, rules, or

regulations covered by the statute. FINRA is a "private securities organization responsible for discipline of its members who violate its rules." *Odom v. Citigroup Glob. Mkts. Inc.*, 62 F. Supp. 3d 1330, 1337 (N.D. Fla. 2014). As the FINRA rules are privately enforced, Plaintiff cannot show that she engaged in protected activity under §448.102 by testifying to FINRA regarding alleged violations of FINRA rules. *Id.* (finding that FINRA rules did not qualify as a "law, rule, or regulation" covered under §448.102). Accordingly, Plaintiff's retaliation claim under §448.102 fails as a matter of law and is due to be dismissed.

> 2. <u>Plaintiff Does Not Allege an Adverse *Employment* Action; She Was Not an Employee at the Time of the Allegedly Retaliatory Action.</u>

Even if she had pled statutorily protected activity, Plaintiff's state law retaliation claim would still fail because she cannot establish that she suffered an adverse employment action, as she was not a Morgan Stanley employee when the alleged retaliatory act occurred. Plaintiff resigned from her employment with Morgan Stanley on October 31, 2014. Doc. 6 at ¶83. However, Plaintiff alleges that Defendants retaliated against her for agreeing to the FINRA testimony on February 5, 2015 – over three months after she resigned from the Firm. *Id.* at ¶94. As Plaintiff was not a Morgan Stanley employee when the alleged retaliatory act occurred, she has failed to allege that she suffered an adverse employment action in violation of §448.102. For this independent reason, her claim under the statute must be dismissed as a matter of law.

3.    <u>Plaintiff Cannot Establish a Causal Link Between the Alleged Protected Activity and Adverse Employment Action.</u>

Finally, even if Plaintiff could establish that she engaged in protected activity under §448.102 and suffered an adverse employment action (which she cannot), her retaliation claim would still fail, as she cannot demonstrate the required causal connection between the alleged protected activity and the alleged adverse employment action.

Plaintiff alleges that Defendants retaliated against her on February 5, 2015 by demanding repayment of her outstanding promissory note obligations.  Doc. 6 at ¶94.  However, this was not a new development at that time or a reversal of position on Morgan Stanley's part.  Plaintiff concedes elsewhere in her Amended Complaint that Morgan Stanley had  informed her months earlier that she would be required to make payments under the terms of the note, including long *before* she agreed to testify before FINRA.  *Id.* at ¶64.  In other words, the sequence of events, as alleged by Plaintiff, defeats her Florida retaliation claim, because the alleged retaliation (Morgan Stanley exerting its right to repayment under the promissory note) *preceded* Plaintiff's alleged protected activity (agreeing to testify before FINRA).  Accordingly, Plaintiff cannot establish the causal connection necessary to support a retaliation claim.  *See, e.g.*, *Hall v. AT&T Mobility Servs.*, 2011 U.S. Dist. LEXIS 86758, at *32 (M.D. Fla. Aug. 5, 2011) (plaintiff could not establish causal link necessary to support a retaliation claim where her employer had already

"informed [plaintiff] that her sales performance was unacceptable multiple times prior to her FMLA leave… and no causal connection between her taking of FMLA leave and her termination can be inferred.").

For these reasons, Plaintiff's retaliation claim under Fla. Stat. §448.102 fails as a matter of law.

### D.      Plaintiff's Quasi-Contract Claims Are Precluded by Her Allegation that the Parties Had an Actual, Express Agreement on the Same Subject.

In her breach of contract claim, Plaintiff alleges that Morgan Stanley breached a  "binding contract… to split Ms. Finch's book of business 60/40," under which Plaintiff would have received "60% of the compensation generated" from her book.  Doc. 6 at ¶109.  Plaintiff also asserts a promissory estoppel claim seeking to recover based on Morgan Stanley's alleged "promises to Plaintiff that she would be paid 60% of the compensation generated from the 60/40 split of her book of business…"  *Id.* at ¶118.  Similarly, Plaintiff brings a claim for unjust enrichment, alleging that Morgan Stanley made "promises" to pay her "60% of the income from the hand-over of her book of business…"  *Id.* at ¶125.

Plaintiff argues *both* that the parties had an express agreement regarding the alleged "60/40" agreement to split her book, and that the Court should *create* such an agreement as a matter of equity.  However, these positions are incompatible.

Under Mississippi law,[2] "[u]njust enrichment only applies to situations where there is no legal contract and 'the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another.'" *Miss. Dep't of Envtl. Quality v. Pac. Chlorine, Inc.*, 100 So. 3d 432, 442 (Miss. 2012) (citation omitted).   Likewise, "[p]romissory estoppel legally enforces a promise made without consideration – so no contract was formed…" *Noble v. Wellington Assocs.*, 145 So. 3d 714, 721 (Miss. App. 2013).

Accordingly, Plaintiff's claims for promissory estoppel and unjust enrichment fail as a matter of law, as Plaintiff cannot bring these claims while also alleging the existence of an express contract governing the same subject matter. Because Plaintiff claims that the parties entered into an express contract to split her book of business, her claims for promissory estoppel and unjust enrichment do not state a cause of action and fail as a matter of law.  *See Powell v. Campbell*, 912 So. 2d 978, 982 (Miss. 2005) ("Unjust enrichment only applies to situations where there is no legal contract..."); *Franklin v. Franklin*, 858 So. 2d 110, 121 (Miss. 2003) ("To collect under an unjust enrichment or quasi-contract theory, the

_____

[2] Mississippi law applies to Plaintiff's claims regarding the alleged agreement to split her book of business in the Ridgeland, Mississippi office.  Regardless, Plaintiff's claims for promissory estoppel and unjust enrichment are subject to dismissal under Florida law as well.  *See, e.g.*, *JI-EE Indus. Co., Ltd. v. Paragon Metals, Inc.*, 2010 U.S. Dist. LEXIS 27098, at *3 (S.D. Fla. Mar. 23, 2010) ("[A] complaint cannot allege an express agreement in a claim for unjust enrichment or promissory estoppel."); *Poe v. Levy's Estate*, 411 So. 2d 253, 256 (Fla. Dist. Ct. App. 1982). ("[A]llegations of an express agreement preclude, in the same count, a claim for quantum meruit.").

claimant must show 'there is no legal contract...'") (citation omitted); *Hans v. Hans*, 482 So. 2d 1117, 1122 (Miss. 1986) ("The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract."); *see also Richard Goettle, Inc. v. Tenn. Valley Auth.*, 600 F. Supp. 7, 11 (N.D. Miss. 1984) ("It is well established that no quasi- or implied-in-law contract can come into existence with respect to a given subject matter where there exists an express contract with respect to that subject matter. It is equally well settled that the existence of an express contract precludes the implication of a contract in regard to the same subject matter.") (citations omitted).

Accordingly, Plaintiff's claims for promissory estoppel and unjust enrichment fail as a matter of law and must be dismissed.

## IV.   CONCLUSION

For the above-stated reasons, Defendants respectfully request this Court grant this Motion and dismiss Plaintiff's Third, Fourth, Fifth, Seventh, Eight, Tenth, Twelfth, and Fourteenth Causes of Action.[3]

Date:  November 18, 2015

---

[3] On November 10, 2015, Plaintiff voluntarily dismissed the Sixth Cause of Action of her Amended Complaint, in which she sought the issuance of a declaratory judgment. Doc. 14. This claim was improper and would have been addressed in this Motion, had Plaintiff not voluntarily dismissed it. Plaintiff also voluntarily dismissed Morgan Stanley & Co. LLC as a Defendant. Doc. 15. Morgan Stanley & Co. LLC was not Plaintiff's employer and was not a proper party to this action.

Respectfully submitted,


*/s/ Patrick J. Mulligan*
Patrick J. Mulligan
Florida Bar No. 116020
Bressler, Amery & Ross, P.C.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Tel. (205) 719-0400
pmulligan@bressler.com

*Counsel for Defendants Morgan Stanley Smith Barney, LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC*


## CERTIFICATE OF SERVICE

I, Patrick Mulligan, hereby certify that a true and correct copy of the foregoing was served on this the 18th day of November, 2015, by filing the same with the Court via electronic filing to the following:

Kenneth R. Noble, III
6199 N. Federal Highway
Boca Raton, FL 33487
Phone: 561-353-9300
Fax: 305-675-3383
roy@noblelawfirmpa.com
noblelawfirmpa@gmail.com


*/s/ Patrick J. Mulligan*
OF COUNSEL